1  MELINDA HAAG (CABN 132612)
   United States Attorney
2
   DAVID R. CALLAWAY (CABN 121782)
3  Chief, Criminal Division

4  DAVID COUNTRYMAN (CABN 226995)
   Assistant United States Attorney
5
        450 Golden Gate Avenue, Box 36055
6       San Francisco, California 94102-3495
        Telephone: (415) 436-7303
7       FAX: (415) 436-7234
        david.countryman@usdoj.gov
8
   Attorneys for United States of America
9

10                      UNITED STATES DISTRICT COURT

11                     NORTHERN DISTRICT OF CALIFORNIA

12                              OAKLAND DIVISION

13
   UNITED STATES OF AMERICA,                ) CASE NO. 11- 00258-SC
14                                          )
           Plaintiff,                       ) JOINT STATUS REPORT AND
15                                          ) STIPULATION TO STAY
        v.                                  )
16                                          )
   REAL PROPERTY LOCATED AT 405             )
17 BOULDER COURT, SUITE 800,                )
   PLEASANTON, CALIFORNIA (APN 946-         )
18 4547-297) ET AL                          )
                                            )
19         Defendants.                      )
                                            )
20

21         On November 6, 2014, the Court entered a criminal judgment against the claimant, Susan Su,

22 which included forfeiture of all of the real property at issue in this civil forfeiture case. <u>United States v.</u>

23 <u>Su</u>, CR 11-00288 JST, page 7. Because Ms. Su's criminal conviction is currently on appeal (United

24 States v. Su, 14-10499), and no oral argument has been set, claimant Susan Su, and plaintiff United

25 States of America (collectively the "parties"), hereby jointly request that the above referenced civil

26 forfeiture case be stayed and "administratively closed" for purposes of the Civil Justice Reform Act

27 reporting requirements pending the completion of the related criminal appeal.

28 ///

JOINT STATUS REQUEST FOR ADMIN. CLOSURE
CASE NO. 11- 00258-SC

The effect of an administrative closure is no different from a simple stay, except that it affects the count of active cases pending on the court's docket; i.e., administratively closed cases are not counted as active. See Lehman v. Revolution Portfolio LLC, 166 F.3d 389, 392 (1st Cir. 1999) ("This method is used in various districts throughout the nation in order to shelve pending, but dormant, cases.") In contrast, cases stayed, but not closed, are counted as active. This case still exists on the docket of the district court and may be reopened upon request of the parties or on the court's own motion.

Mire v. Full Spectrum Lending Inc., 389 F.3d 163, 167 (5th Cir. 2004); see also 18 U.S.C. § 981(g); The Guide to Judiciary Policies & Procedures, Vol. 11, Chapter 14, Exhibit 1.

The parties submit that the record of this case provides facts sufficient to support administrative closure.

Dated: 7/27/15

DAVID HARRIS BILLINGSLEY
Attorney for Susan Su

Dated: 7/27/15

DAVID B. COUNTRYMAN
Assistant United States Attorney

### [PROPOSED] ORDER TEMPORARILY ADMINISTRATIVELY CLOSING CASE

UPON CONSIDERATION of the parties stipulation, the entire record, and for good cause shown, it is by the Court on this

_____ day of _____, 2015

ORDERED that the instant case be, and hereby is STAYED and ADMINISTRATIVELY CLOSED for purposes of the Civil Justice Reform Act reporting requirements, until the resolution of the criminal appeal;

IT IS FURTHER ORDERED this case still exists on the docket of the district court and may be reopened upon request of the United States, Susan Su, or on the court's own motion.

IT IS SO ORDERED this \_\_\_\_\_ day of _____ 2015.

_____
HONORABLE SAMUEL CONTI
United States District Judge